# EXHIBIT A



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) ) ) | 08 mc 145 |
| SUNOCO, INC. (R&M), | ) ) | |
| Respondent. | ) ) ) | |

## DECLARATION OF DISTRICT DIRECTOR MARIE M. TOMASSO

I, Marie M. Tomasso, hereby declare the following to be true and correct, based on my personal knowledge, unless otherwise indicated:

1.    I am the District Director of the Philadelphia District Office of the Equal Employment Opportunity Commission ("EEOC" or "Commission"), and, in that role, I am responsible for the operations of the office, including the investigation of charges of employment discrimination.

2.    The Philadelphia District Office is responsible for investigating charges that employers have engaged in employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.    Among the EEOC's investigative files in the Philadelphia District Office is the charge file for Charge No. 530-2007-01838 ("Charge"), filed against Sun Oil Company ("Respondent") by Charging Party Kevin C. Powell.

4.    I state the following based on my personal examination of the file for Charge No. 530-2007-01838:

    a.    On February 9, 2007, the EEOC's Philadelphia District Office received the Charge, filed under Title VII and the ADEA by Charging Party Kevin Powell, alleging that he was discriminated against because of his age, and he and a class of Black applicants were discriminated against on the basis of race, Black, by Respondent. (Attachment 1).

    b.    In accordance with its procedures, the EEOC transmitted the Charge to the Pennsylvania Human Relations Commission on March 14, 2007. Pursuant to the Worksharing Agreement in effect between the Pennsylvania Human Relations Commission and the EEOC, EEOC agreed to investigate the Charge. (Attachment 2).

    c.    On March 14, 2007, the EEOC served the Respondent with notice of the Charge. (Attachment 3).

    d.    On April 17, 2008, and after investigating Charging Party's individual allegations of race and age discrimination, the EEOC issued Charging Party a Notice of Right to Sue with a caveat that the EEOC would continue to process the Charge as it pertained to the class wide allegations regarding Respondent's issuance of a discriminatory test. (Attachment 4).

    e.    On April 17, 2008, the EEOC also informed Respondent that the Commission would continue to process the charge insofar as it

related to the alleged discriminatory test and issued a Second Request for Information with regards to the test. (Attachments 5 and 6).

f.  On April 24, 2008, Respondent sent a letter to the EEOC questioning EEOC's reasons for issuing a Second Request for Information given EEOC issued Charging Party a Right to Sue. (Attachment 7).

g.  On April 30, 2008, and in a further effort to secure the requested information, EEOC Investigator spoke with Respondent to follow up on the status of the Respondent's response to EEOC's Second Request for Information. EEOC again informed Respondent that we were continuing to process Charging Party's charge on the limited issue of the alleged class wide discriminatory practices. The EEOC granted Respondent an extension until May 9, 2008, to produce the requested information.

h.  On May 7, 2008, Respondent sent a letter to EEOC firmly confirming that Respondent would not comply with the Second Request for Information. (Attachment 8).

i.  Even after these requests for information, the Respondent failed to produce any of the documents requested in EEOC's Second Request for Information.

j.  On June 6, 2008, as part of its investigation of the allegations of class-wide discrimination described in the Charge, the EEOC issued

Subpoena No. PA-08-11, returnable on June 19, 2008, and served the Subpoena on the Respondent by certified mail. (Attachments 9).

k.   The Respondent received Subpoena No. PA-08-11 on June 9, 2008. (Attachment 10).

l.   On June 18, 2008, Respondent attorney discussed the subpoena with the EEOC Investigator and informed her that Respondent could not produce the requested information by June 19, 2008, but would submit the information by June 26 or 27, 2008.

m.   On June 26, 2008, Respondent attorney informed EEOC that it would not produce the requested information.

n.   On July 1, 2008, Respondent's counsel sent a letter to EEOC again firmly stating its position that it would not comply with the request for information. (Attachment 11).

o.   On July 23, 2008, Respondent attorney informed the EEOC attorney that Charging Party filed suit against Respondent which did not allege class wide discrimination. The EEOC attorney discussed the subpoena with Respondent's counsel, explaining the relevance of the requested documents and again requested production of documents in response to EEOC's Second Request for Information and subpoena. The Respondent still refused to produce the requested documents.

5.   As of the date of this Declaration, the Respondent has failed to provide the EEOC with the information requested in Subpoena No. PA-08-11.

4

6.      The Respondent has not filed a Petition to Revoke or Modify the Subpoena, and the five-day period for filing such a petition with respect to a Title VII subpoena has expired.

I declare under penalty of perjury that the foregoing is true and correct.

Date: ___8/8/08___                        _William D. Cole_
                                          Marie M. Tomasso
                                          District Director
                                          EEOC Philadelphia District Office

5

# ATTACHMENT 1

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 197_ . _ Privacy Act Statement before completing this form. | | ☐FEPA ☒EEOC | 530-2007-01838 |

| Pennsylvania Human Relations Commission and EEOC | |
|---|---|

| NAME (Indicate Mr., Ms., Mrs.) **Mr. Kevin C. Powell** | HOME TELEPHONE (Include Area Code) **302-376-1527** | |
|---|---|---|

| STREET ADDRESS        CITY, STATE AND ZIP CODE **409 Benjamin Wright Drive, Middletown, DE 19709** | DATE OF BIRTH **10/22/053** |
|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (if more than one list below.)

| NAME: **Sun Oil Company (Sunoco)** | NUMBER OF EMPLOYEES, MEMBERS **500+** | TELEPHONE NUMBER (Include Area Code) **215-977-3000** |
|---|---|---|

| STREET ADDRESS        CITY, STATE AND ZIP CODE **Marcus Hook Refinery, Delaware Ave. & Green St.  Marcus Hook, PA** | COUNTY **Delaware** |
|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) <br> XX RACE   XX COLOR   ☐ SEX   ☐RELIGION   ☐NATIONAL ORIGIN <br> ☐ DISABILITY   XX RETALIATION   XX AGE | DATE DISCRIMINATION TOOK PLACE <br> EARLIEST            LATEST <br> **XX CONTINUING ACTION** |
|---|---|

**THE PARTICULARS ARE** (if additional space is needed, attach extra sheet(s)):

I am a 53 year old black (African-American) male. I began working for Sun Oil Co. (Sunoco) in 1980 as an apprentice. I have experienced racial discrimination directly and have observed it in Sun's employment practices. Over the years, Sun has dramatically reduced the numbers of new black hires in the refinery. I believe that Sun now uses a test which eliminates qualified African American applicants. I believe that many whites applicants do not have to take the test at all. Recent new hires show a nearly 100% white males ratio, when I am aware of African American applicants who try to get jobs at the refinery.

I been in the Transfer & Shipping Department since about 1985. I have performed most of the jobs in this department such as Operator, Blender, Dispatcher and in 2001, I qualified to be a certified gas tester, trainer and procedures writer. In 2005 I became eligible for special assignments. Over the last dozen years or more, I have consistently been passed over for promotions for which I am well-qualified, in favor of younger, less qualified, white employees. I know of other black employees at Sun who have experienced the same treatment with regard to promotions.

For example, in June 2006, Sun posted a job for unit supervisors in my department. I was well qualified and held the most seniority. I was interviewed by two department heads, Louis Gonzales & Glenn Philips (white, younger). I received an email from Carol Nelson in HR advising me that the candidate selected was better qualified and more skilled. I accepted this reason until about a week later when I found out that the job was, in fact, given to a relatively new Sun employee, Shawn McAlhane (sp) (Caucasian & mid-20's), who had much less skill and experience. When I asked Gonzales why a less qualified candidate was placed in the position over me, he said Shawn "interviewed" better than I did and that experience was irrelevant (contradicting HR). Shawn McAlhane is now my supervisor. I advised Suzanne Phillips, the head of Sun's Human Resource Department about this discriminatory conduct and the general lack of African American supervisors at the Marcus Hook Refinery. I do not believe any investigation was ever conducted.

**Continued Page -2-**

| [X] I want this charge filed with both the EEOC and the State of Local Agency. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. <br><br> Date: 2-7-07   Charging Party (signature) *Kevin C. Powell* | SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> (day, month and year) |

*Page -2-*
*Kevin Powell v. Sun Oil*
*EEOC Charge* 530-2007-01838
*February 5, 2007*

## Continuation of charge:

In August, 2006, there was an opening to obtain training for placement into temporary foreman's jobs. The employee with training would be placed in temporary supervisory/foreman posts. Sheila Coleman, (Black Female) Carl Powers (White, early 40's) and myself applied. Both Sheila & I were qualified and eligible for the training. I believe Carl should not have been eligible for this training, as when he applied for the job originally, he was told he lacked the required experience. As of this date, the training has not been instituted. I understand that all other departments have completed the same training. It appears that the training has been stalled since there are only black candidates to train for the supervisory positions. I am not aware of any black foremen in the Transfer & Shipping Department at the Marcus Hook Refinery.

In December 2006, a special assignment that held a substantial pay raise was posted while I was on vacation. I was eligible and held the seniority to get this assignment. The posting was removed when I returned from vacation. I had to demand that the assignment be re-opened. By contrast, George Bowersox (white male, 50) was out ill when a special assignment for which he was eligible was posted. He was called at home and advised about the assignment by a Sun supervisor so he could get his bid in.

I have consistently raised concerns of the discriminatory behaviors, and employment practices of Sun. I believe that some of the discrimination I have experienced is also a form of retaliation for me pointing out preferential treatment. I feel I have been retaliated against for raising discrimination issues. Some time ago, I was entitled to have a holiday off as I was next on that rotation. I requested the holiday off and my request was denied without explanation. Instead it was given to Bowersox, a white male with less seniority. I grieved this unfair event to the union and did win my grievance, though I had already been forced to work the day I should have been off.

On another occasion, I was on my day off and was called in and told that I was **required** to come in. It has always been my experience that when a worker is on special assignment, if another employee calls out ill, the worker on special assignment is called upon to fill in for the sick worker. When I asked why someone on special assignment was not being used, I was told that another foreman, Ann Christiansen (white) said to tell me to "...just get in here". I later learned that all the workers on special assignment that shift were white males who did not want to be moved. Instead of forcing one of them to move, as they have done me in the past, Sun forced me to come in on my day off. I have knowledge that Sun engages in a practice of calling in many Black employees on their day off to cover for those who call out ill rather than use the white employees (who balk at being moved) that are on special duty and are technically supposed to be the first choice in filling a spot for a sick employee. Contrarily, Sun never, are hardly ever, calls in any white workers on their day off to cover for sick employees, but instead, forces the black employees (despite any protests) who are on special assignment to cover for the sick employee.

*I believe I have been and continue to be the victim of race and age discrimination and retaliation for complaining about discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, the PA Human Relations Act 43 PS § 951 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.*

| | |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date: _2 - 7 - 07_    Charging Party *(signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br><br>(day, month and year) |

# ATTACHMENT 2



**U.S. Equal Employment Opportunity Commission**
## Philadelphia District Office

21 South 5th Street
Suite 400
Philadelphia, PA 19106
(215) 440-2600
TDD: 1-800-669-6820
FAX (215) 440-2604
1-800-669-4000

Respondent: SUN OIL COMPANY
EEOC Charge No.: 530-2007-01838
FEPA Charge No.:

March 14, 2007

Kevin C. Powell
409 Benjamin Wright Drive
Middletown, DE 19709

Dear Mr. Powell:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ]     Title VII of the Civil Rights Act of 1964 (Title VII)

[ X ]     The Age Discrimination in Employment Act (ADEA)

[  ]      The Americans with Disabilities Act (ADA)

[  ]      The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[ X ]     Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

          Pennsylvania Human Relations Commission
          Suite 300
          301 Chestnut St
          Harrisburg, PA 17101

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

Alfred L. Harris
Enforcement Manager
(215) 440-2811

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO:  **Pennsylvania Human Relations Commission**
**Suite 300**
**301 Chestnut St**
**Harrisburg, PA 17101**

Date     **March 9, 2007**

EEOC Charge No.
**530-2007-01838**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Kevin C. Powell** | v. | **SUN OIL COMPANY** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC        ☐ _____    on    **Feb 26, 2007**
                     *Name of FEPA*                        *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

   ☐ EEOC requests a waiver              ☐ FEPA waives

   ☐ No waiver requested                 ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Marie M. Tomasso, District Director** | |

| **Kevin C. Powell** | V. | **SUN OIL COMPANY** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Homer  Floyd, Executive Director** | |

TO:  **Philadelphia District Office**
**21 South 5th Street**
**Suite 400**
**Philadelphia, PA 19106**

Date     **March 9, 2007**

EEOC Charge No.
**530-2007-01838**

FEPA Charge No.

# ATTACHMENT 3

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Ms. Carol E. Monaghan<br>Manager, AA/EEO<br>SUN COMPANY<br>1735 Market Street<br>14th Floor<br>Philadelphia, PA 19103 | **Kevin C. Powell** |

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**530-2007-01838**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act       [ ] The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act       [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Alfred L. Harris,**
**Enforcement Manager**

*EEOC Representative*

Telephone:   **(215) 440-2811**

**Philadelphia District Office**
**21 South 5th Street**
**Suite 400**
**Philadelphia, PA 19106**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [X] AGE   [ ] DISABILITY   [X] RETALIATION   [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| March 3, 2007 | **Marie M. Tomasso,**<br>**District Director** | |

# ATTACHMENT 4

EEOC Form 161-B (10/96)                                   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Mr. Kevin C. Powell                              From: Equal Employment Opportunity Commission
    409 Benjamin Wright Dr.                                 Philadelphia District Office
    Middletown, DE 19709                                    801 Market Street, Suite 1300
                                                            Philadelphia, PA  19107-3127

|  |  |
|---|---|
| [     ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* |

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2007-01838 | Legal Unit | (215) 440-2828 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[  x  ]    More than 180 days have passed since the filing of this charge.

[     ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[  x  ]    The EEOC is terminating its processing of this charge. (for Charging Party's individual allegations)

[  x  ]    The EEOC will continue to process this charge.    (for the issue of testing)

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[  x  ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[     ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_William D. Cole_                                        4/17/08

for  Marie M. Tomasso, District Director                 *(Date Mailed)*

Enclosure(s)

cc:    Tiana R. Escofil (for Respondent SUNOCO, Inc.)
       Nancy C. DeMis, Esq. (For Charging Party)